## O'CONNELL v. NOONAN.

HUSBAND AND WIFE; AGREEMENT BY HUSBAND TO SUPPORT HIS
WIFE; EQUITY.

1. A court of equity will not, upon the ground that articles of separation between husband and wife are void as against public policy, declare void, at the instance of a husband, articles of agreement between husband and wife which contain nothing more than a recital that the parties have agreed to live separate and apart, and a covenant on the part of the husband to provide for the support of his wife. An agreement by a husband to support his wife is valid, as that is nothing more than the law requires him to do.

2. Equity will not decree the cancellation or rescission of instruments void upon their face, but only instruments the invalidity of which must be shown by extraneous testimony.

No. 29.    Submitted October 4, 1893.—Decided November 6, 1893.

HEARING on an appeal by the complainant from a decree of an equity term of the Supreme Court of the District of Columbia, dismissing a bill to enjoin the prosecution of two suits pending at law, and for the surrender and cancellation of certain articles of agreement. *Affirmed.*

THE COURT in its opinion stated the case as follows:

This is a suit in equity to compel the cancellation and surrender of certain articles of agreement entered into between a husband and his wife through the intervention of a trustee, whereby, in consequence of unhappy differences that had arisen between them, and a separation that had supervened or was about to supervene, the husband had covenanted to pay to the trustee for the support of his wife, the sum of $75 in each and every month during her natural life. The suit was instituted by the husband as complainant; and the grounds of the application are that the articles of agreement are void as being against public policy.

There are various charges of crimination and recrimination in the bill and answer filed in the case, and considerable

testimony was taken in support and disproof of these charges. From the consideration of these charges and of the testimony in regard to them, we are fortunately relieved by the agreement of counsel in the case, that the cause should be heard on bill and answer. And, inasmuch as the answer substantially denies all the wrongdoing charged in the bill, the issue between the parties is reduced to the mere question of the validity or invalidity of the articles of agreement upon their face as being consistent or inconsistent with public policy; and this is the only question which was argued at the hearing.

The articles of agreement bear date on October 8, 1884, and purport to have been executed by the complainant, Jeremiah D. O'Connell, as party of the first part; Frank P. Burke, who merely becomes surety for the payment of the money, as party of the second part; Cornelius Noonan, who is made the trustee, as party of the third part; and Mary E. O'Connell, the wife, as party of the fourth part. The articles begin with the following recital:

"Whereas, some unhappy differences have lately arisen between the said Jeremiah D. O'Connell and Mary E. O'Connell, his wife, and they have mutually agree to live separate and apart from each other, have agreed to the following provisions for the support of the said Mary E. O'Connell, during the separation aforesaid."

And then they go on to provide that "in consideration of the premises," and of the sum of one dollar, etc., the party of the first part binds himself and his representatives to pay to the trustee Noonan and his representatives the sum of $75 a month for the support of his wife, Mary E. O'Connell, during the term of her natural life, that sum being equal to one-half of the salary received by the husband as an employe in the civil service of the United States, and the amount to be increased or decreased as the salary might be increased or diminished. As already stated, the intervention of Burke was merely as a surety for the payment of the money stipulated.

Payments seem to have been made for several years, under the agreement. But the instalment for July, 1890, the complainant refused to pay, as also that for August, and a suit at law was instituted for each. These suits were pending in the circuit court division of the Supreme Court of the District of Columbia when the bill of complaint in this cause was filed on the 18th day of September, 1890, and one of the prayers of the bill is for an injunction against their prosecution.

*Mr. J. G. Bigelow* for the appellant.

*Mr. Leon Tobriner* for the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

The question of the validity of these articles of agreement was elaborately argued by counsel on both sides, and with a voluminous array of authorities, both English and American. But in the view we take of this case, it is unnecessary for us to follow them.

We would be exceedingly reluctant in any case to declare void a provision made by a husband in good faith for the support of his wife, unless very good cause was shown for such declaration. As we have stated, we are relieved in this case from consideration of the charges and counter charges made by the parties; and the articles of agreement must be considered under the circumstances, to have been voluntarily and freely made, without fraud or coercion of any kind. Abundant consideration for such a provision might well be found in the duty imposed by law upon the husband to provide for the support of his wife. Assuredly it cannot be contrary to the policy of the law to do that which the law requires, whether the parties live with each other or live apart, and whether the agreement is made in consequence of a separation that has already occurred or in contemplation of an impending separation. Whatever we may think of the validity or propriety of articles of separation in themselves, with reference to public policy, there can be no question

about the propriety of provision by a husband for the support of his wife in any event; and we fail to find anything whatever in these articles of agreement beyond the simple covenant of the husband to provide a certain sum of money for the support of his wife. There is no question before us in regard to the propriety of the amount; and the only issue, therefore, is whether an agreement by a husband to support his wife is valid. The statement of this question is enough to dispose of it; for it is of no consequence whatever, apart from fraud or duress or some such consideration, what the immediate inducement for the agreement was to the husband. It is sufficient that the law requires him to do precisely what he did.

But we do not base our decision on this ground alone. By his own showing the complainant has demonstrated that he is not entitled to the intervention of a court of equity. For if the articles of agreement are void on their face as being opposed to public policy, it is well settled that a court of equity will not interfere to decree the cancellation or rescission of instruments of writing void on their face. Such instruments are void everywhere and under all circumstances, at law as well as in equity. And if the complainant's contention is correct, there is no reason why he should not show the alleged invalidity in the two law suits which he shows to be now pending, or to have been pending, at the time of the filing of the bill. Equity will neither enjoin nor cancel instruments void upon their face; but only instruments the invalidity of which must be shown by extraneous testimony. This is a fundamental rule of equity jurisprudence. *Peirsoll* v. *Elliott*, 6 Peters, 95 ; *Hannewinkle* v. *Georgetown*, 15 Wall., 547.

The complainant, therefore, having abandoned the charges of fraud and duress in the procurement of these articles of agreement, and resting his case entirely on their alleged invalidity on the ground of public policy, is not entitled to the aid of a court of equity. The court in special term dismissed his bill ; and we must *affirm the decree of that court, with costs.*