ILLINOIS LIFE INS. CO. v. NEWMAN, County Clerk, et al.

(Circuit Court, D. Kansas, First Division. September 30, 1905.)

No. 8,337.

1. TAXATION—ENJOINING COLLECTION OF ILLEGAL TAX—EQUITY JURISDICTION.

A federal court of equity is without power to enjoin the collection of a tax levied under the authority of a state on the ground of its illegality alone, although such power is conferred by statute on the courts of the state.

2. SAME—FEDERAL COURTS—ENFORCING STATUTORY REMEDY.

To authorize the granting of an injunction by a federal court of equity, facts must be alleged showing some recognized ground of equity jurisdiction aside from the mere fact that an injunction is prayed for, and from which it appears that complainant is without adequate remedy at law; but, when such jurisdiction is shown, as incidental thereto the court may enforce an enlarged equitable right or remedy given by a state statute, as by the issuance of an injunction to restrain the collection of an illegal tax.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 797, 976.]

In Equity. On demurrer to bill.

Mulvane & Gault and Long & Price, for complainant.

Hazen & Gaw and Otis E. Hungate, for defendants

POLLOCK, District Judge. Complainant, an Illinois corporation, the owner of securities in the amount of $510,000, deposited with the treasurer of this state as a reserve fund for the benefit of its policy holders, brings this suit to enjoin the defendants, the proper taxing officers of the defendant board, from levying a tax against this property for the years 1894 and 1895. The foundation of complainant's suit rests on the claim that it is a citizen of the state of Illinois. Hence its personal property, although found in this jurisdiction, is not here taxable. Complainant further claims the property is, in its nature, such that, under the laws of this state, it is exempt from taxation. Hence any attempt on the part of the defendants to levy or collect a tax thereon is illegal. A restraining order was heretofore granted, and a temporary injunction is now asked. Defendants demur to the bill for want of equity.

Many objections were urged by solicitors for defendants at the oral argument against the sufficiency of the bill to warrant this court in granting the relief prayed. It is urged the bill presented does not

141 F.—29

show defendants to have done or threatened any act looking towards the fixing of a charge against complainant or its property, except such acts as involve the judgment or discretion of defendants in the discharge of their duties as officers of the county, imposed by law. Hence it is contended the suit is prematurely brought. Again, it is contended the situs of the property is by the averments of the bill admitted to be within this jurisdiction. Therefore it is contended the property is taxable here, although the complainant is a citizen and resident of the state of Illinois. Again, it is urged the property is not exempt from, but is the legitimate subject of, taxation in this jurisdiction. I shall, however, consider but one objection made to the bill, the decision of which, to my mind, is decisive of the controversy.

Complainant bases its right to the extraordinary relief demanded upon the provisions of section 4700, Gen. St. 1901, of this state, as amended by chapter 334, p. 550, Laws 1905, which reads:

"An injunction may be granted to enjoin the illegal levy of any tax, charge, or assessment, or the collection of any illegal tax, charge, or assessment, or any proceeding to enforce the same, or to enjoin any public officer, board or body from entering into any contract or doing any act not authorized by law that may result in the creation of any public burden or the levy of any illegal tax, charge or assessment; and any number of persons whose property is or may be affected by a tax or assessment so levied, or whose burdens as taxpayers may be increased by the threatened unauthorized contract or act, may unite in the petition filed to obtain such injunction. An injunction may be granted in the name of the state to enjoin and suppress the keeping and maintaining of a common nuisance. The petition therefore shall be verified by the county attorney of the proper county, or by the Attorney General, upon information and belief, and no bond shall be required."

This statute undoubtedly furnishes ample authority to the courts of this state to restrain by injunction the levy and collection of an illegal tax. It is also indisputable a federal court of equity may, in a proper case cognizable in a court of equity, afford to complainant the full measure of remedy granted by this statute. Ex parte McNeil, 13 Wall. 236, 20 L. Ed. 624; Davis v. Gray, 16 Wall. 203, 21 L. Ed. 447; Case of Broderick's Will, 21 Wall. 503, 22 L. Ed. 599; Cowley v. Northern Pacific Railroad Co., 159 U. S. 569, 16 Sup. Ct. 127, 40 L. Ed. 263; Anthony v. Burrow (C. C.) 129 Fed. 783. But the Legislature of a state is powerless to enlarge or diminish the jurisdiction of the federal courts sitting in equity by any enactment it may make. Therefore, while the remedy provided by this statute may be afforded by this court to complainant in a proper case arising in equity, yet some specific reason for a resort to a court of equity must be stated in the bill, some established ground of equitable cognizance averred, or jurisdiction does not attach. As has been seen, the sole right of suit, the single claim made to the relief sought in this bill, is based on the illegality of the tax threatened to be levied. It is conclusively settled by an unbroken chain of decisions emanating from the Supreme Court that federal courts of equity will not enjoin the levy or collection of a tax on the single ground of illegality, but that some special circumstance, such as the avoidance of a multiplicity of suits, the casting of a cloud upon title to real estate, or some injury that cannot

be remedied by an action at law, instituted either before or after the payment of the tax, or other circumstance bringing the case within the well-recognized principles of equity, must be averred in addition to the single fact of the illegality of the tax before a court of equity will take cognizance of the controversy and interpose by injunction. Dows v. City of Chicago, 11 Wall. 108, 20 L. Ed. 165; Hannewinkle v. Georgetown, 15 Wall. 548, 21 L. Ed. 231; State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663; Milwaukee v. Koeffler, 116 U. S. 219, 6 Sup. Ct. 372, 29 L. Ed. 612; Shelton v. Platt, 139 U. S. 591, 11 Sup. Ct. 646, 35 L. Ed. 273; Pittsburgh, etc., Ry. v. Board of Pub. Works, 172 U. S. 32, 19 Sup. Ct. 90, 43 L. Ed. 354; Arkansas Building Association v. Madden, 175 U. S. 269, 20 Sup. Ct. 119, 44 L. Ed. 159. In Dows v. City of Chicago, supra, Mr. Justice Field, speaking for the court, says:

"Any delay in the proceedings of the officers, upon whom the duty is devolved of collecting the taxes, may derange the operations of government, and thereby cause serious detriment to the public. No court of equity will therefore allow its injunction to issue to restrain their action, except where it may be necessary to protect the rights of the citizen whose property is taxed; and he has no adequate remedy by the ordinary processes of the law. It must appear that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or, where the property is real estate, throw a cloud upon the title of the complainant, before the aid of a court of equity can be invoked. In the cases where equity has interfered, in the absence of these circumstances, it will be found upon examination that the question of jurisdiction was not raised, or was waived. * * * The party of whom an illegal tax is collected has ordinarily ample remedy, either by action against the officer making the collection, or the body to whom the tax is paid. Here such remedy existed. If the tax was illegal, the plaintiff protesting against its enforcement might have had his action, after it was paid, against the officer or the city to recover back the money, or he might have prosecuted either for his damages. No irreparable injury would have followed to him from its collection. Nor would he have been compelled to resort to a multiplicity of suits to determine his rights."

In State Railroad Tax Cases, supra, Mr. Justice Miller, delivering the opinion of the court, says:

"We do not propose to lay down in these cases any absolute limitation of the powers of a court of equity in restraining the collection of illegal taxes; but we may say that, in addition to illegality, hardship, or irregularity, the case must be brought within some of the recognized foundations of equitable jurisdiction, and that mere errors or excess in valuation, or hardship or injustice of the law, or any grievance which can be remedied by a suit at law, either before or after payment of taxes, will not justify a court of equity to interpose by injunction to stay collection of a tax."

In Union Pacific Railway Co. v. Ryan, 5 Sup. Ct. 601, 28 L. Ed. 1098, Mr. Justice Bradley, delivering the opinion, says:

"Judge Cooley fairly sums up the law on this subject as follows: 'To entitle a party to relief in equity against an illegal tax, he must by his bill bring his case under some acknowledged head of equity jurisdiction. The illegality of the tax alone, or the threat to sell property for its satisfaction, cannot of themselves furnish any ground for equitable interposition. In ordinary cases a party must find his remedy in the courts of law, and it is not to be supposed he will fail to find one adequate to his proper relief. Cases of fraud, accident, or mistake, cases of cloud upon the title to one's property, and cases where one is threatened with irremediable mischief, may demand other remedies than

those the common law can give; and these, in proper cases, may be afforded in courts of equity.' "

## In Shelton v. Platt, supra, Mr. Chief Justice Fuller says:

"It was ruled in Dows v. Chicago, 11 Wall. 108, 20 L. Ed. 165, that a suit in equity will not lie to restrain the collection of a tax on the sole ground that the tax is illegal, but that there must exist, in addition, special circumstances bringing the case under some recognized head of equity jurisdiction, such as that the enforcement of the tax would lead to a multiplicity of suits or produce irreparable injury, or, where the property is real estate, throw a cloud upon the title of the complainant. And Mr. Justice Field, speaking for the court, said: 'The equitable powers of the court can only be invoked by the presentation of a case of equitable cognizance. There can be no such case, at least in the federal courts, where there is a plain and adequate remedy at law.' And, except where the special circumstances which we have mentioned exist, the party of whom an illegal tax is collected has ordinarily ample remedy, either by action against the officer making the collection, or the body to whom the tax is paid. Here such remedy existed. If the tax was illegal, the plaintiff protesting against its enforcement might have had his action, after it was paid, against the officer or the city to recover back the money, or he might have prosecuted either for his damages. No irreparable injury would have followed to him from its collection. Nor would he have been compelled to resort to a multiplicity of suits to determine his rights. His entire claim might have been embraced in a single action. We see no ground for the interposition of a court of equity which would not equally justify such interference in any case of threatened invasion of real or personal property."

In Pittsburgh, etc., Ry. v. Board of Pub. Works, supra, Mr. Justice Gray, delivering the opinion, says:

"The collection of taxes assessed under the authority of a state is not to be restrained by writ of injunction from a court of the United States, unless it clearly appears, not only that the tax is illegal, but that the owner of the property taxed has no adequate remedy by the ordinary processes of the law, and that there are special circumstances bringing the case within some recognized head of equity jurisdiction."

As has been seen, the claimed illegality of the levy is the sole ground on which injunction is here sought. True, the bill contains the usual stock averment:

"That the placing of an assessment against your orator on said tax rolls in respect of said securities will accomplish against your orator a great and irreparable damage, for which your orator has no adequate remedy by the ordinary course of the law."

This averment, however, is merely a matter of inference, and wholly insufficient to confer jurisdiction in equity upon this court. Shelton v. Platt, supra. The facts constituting the special circumstances of the case, showing the necessity of a resort to a court of equity, and why the relief granted by a court of law will not be adequate and sufficient, must be set forth in the bill to justify the interposition of a court of equity.

As before seen, the Legislature of the state may create a new ground of injunction cognizable and enforceable in a court of the state, and a state court may proceed to the granting of an injunction on such ground alone, for in this state all distinction between actions at law and suits in equity is expressly abolished by statute. The injunction granted in such case in the state court is not granted in a suit in equity. It is granted in the one form of legal proceeding authorized

by the Code; that is, in a civil proceeding. The Legislature may also enlarge equitable remedies, and such enlarged relief may be afforded complainant in a suit of equitable cognizance in the federal courts, but the Legislature is wholly incompetent to create a new ground of equitable jurisdiction in the federal courts, for the distinction between suits in equity and actions at law here prevails in all its strictness, and this distinction is not a mere matter of form or mode of proced-ure, but is a matter of substantial right, going to the very power of the court to proceed at all. Fenn v. Holme, 21 How. 481, 16 L. Ed. 198; Thompson v. Railroad Companies, 6 Wall. 134, 18 L. Ed. 165; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 977, 37 L. Ed. 804; Mississippi Mills v. Cohn, 150 U. S. 202, 14 Sup. Ct. 75, 37 L. Ed. 1052. This principle is well illustrated in the case of Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52, a suit brought in the Circuit Court of the United States for the District of Nebraska to quiet title, and was grounded upon a statute of that state. At the time of the passage of the act it was the common, if not the universal, practice in courts of equity to require the complainant, in a bill to quiet title to lands, to aver, and, if denied, to prove, his possession of the lands at the commencement of the suit. This requirement, with others, was dispensed with by an act of the Legislature of that state, and it was held in that case that a federal court of equity in Nebraska had jurisdiction of the suit, although the bill did not aver the possession of complainant at the time the suit was commenced. Mr. Justice Field, delivering the opinion of the court, says:

"The truth is that the jurisdiction to relieve the holders of real property from vexatious claims to it, casting a cloud upon their title, and thus disturb-ing them in its peaceable use and enjoyment, is inherent in a court of equity; and though conditions to its exercise have at different times been prescribed by that court, both in England and in this country, they may at any time be changed or dispensed with by the Legislature without impairing the general authority of the court. Pomeroy's Equity Jurisprudence, § 1398. The equit-able rights of parties in Nebraska, claiming the legal title to real property, are simply enlarged by its statute; not changed in character. And the lan-guage used by this court, speaking by Mr. Justice Bradley, in the Broderick's Will Case, 21 Wall. 520, 22 L. Ed. 591, is appropriate here: 'Whilst it is true that alterations in the jurisdiction of the state courts cannot affect the equit-able jurisdiction of the Circuit Courts of the United States, so long as the equit-able rights themselves remain, yet an enlargement of equitable rights may be administered by the Circuit Courts, as well as by the courts of the state.' And it may be affirmed of this case, what was said as probably true of that one, that it is 'a case in which an enlargement of equitable rights is effected, although presented in the form of a remedial proceeding.' 'Indeed,' as the court there observed, 'much of equitable jurisdiction consists of better and more effective remedies for attaining the rights of parties.'"

In other words, in that case, a cause of purely equitable cognizance, a suit to quiet title was presented by the bill. One of the terms upon which federal courts of equity were accustomed to grant the relief prayed was lacking. This term was supplied by an act of the Legis-lature of the state in which the controversy arose. This was held sufficient as an enlargement of the equitable remedy which might be granted. Such, also, is the holding in Clark v. Smith, 13 Pet. 195, 10 L. Ed. 123, and kindred cases. In the case at bar the preventive

remedy of injunction applied for is not a mere incident to the relief sought by the bill, but the injunction prayed is the very life of the bill itself, the sole relief demanded. Federal courts of equity have no jurisdiction solely for the purpose of granting an injunction. An injunction may be granted as an incident to other relief sought in the bill, or, in a suit arising from peculiar circumstances, constituting a right of suit cognizable in a court of equity because the law can afford to complainant no adequate and sufficient remedy, the right of injunction may be the very life of the bill; but it is the peculiar facts and circumstances of the case which create the right of resort to a court of equity, and not the fact that injunctive relief is demanded. In other words, the injunction constitutes the relief sought in a court of equity, and not the right of resort to, or the foundation of, the jurisdiction of a court of equity. An examination of the bill in the present case shows no such peculiar circumstances or facts as justify a resort to a court of equity. No reason appears from the bill why a single action at law may not fully compensate complainant for any injury it may sustain if the threatened assessment be made and carried out on the tax roll. Indeed, it is difficult to conceive how complainant will be injured by the performance of the acts threatened by the defendants here sought to be enjoined. In any view of the case, I am of the opinion the acts sought to be enjoined are not such, in their nature, as call for the interposition of this court at this time, under the showing made in the bill.

It is therefore ordered that the demurrer to the bill be sustained, the application for temporary injunction be denied, the restraining order heretofore granted be discharged, and the bill dismissed.