STATE EX REL. COLLINS, ATTORNEY-GENERAL ET AL. *v.* CUM-
BERLAND TELEPHONE & TELEGRAPH CO., ET AL.

[81 South. 404, In Banc. No. 20703.]

1. TELEGRAPH AND TELEPHONES. *Federal operation. Commander in
chief of the army. Powers.*

The power to operate a telegraph or telephone system as a public
utility without the zone of military operations is not one of
the powers which can be said to be necessarily appurtenant to
the office of the commander in chief of the army, and can be
rightfully exercised by him only when he has been authorized
so to do by the congress.

2. TELEGRAPH AND TELEPHONES. *Federal operation. . Congressional
resolution. Construction.*

Under resolution of congress of July 16, 1918, authorizing the
president to operate telegraphs and telephones and providing
that nothing therein shall amend state laws relating to taxa-
tions or lawful police regulations except to the extent necessary
to safeguard the transmission of government messages, etc., it
was the intention of the congress to cause the control of the
several states over the operation of the telegraph and telephone
system within their borders to be interfered with only to the
extent necessary to safeguard the transmission by the govern-
ment of its own messages and the issuance of the stocks and
bonds of such telegraph and telephone systems as might be taken
charge of by the president, and the lawful police regulations
therein referred to, are not limited to such only as promote the
public health, morals, or safety, but extend also to such as
promote the public convenience or the general welfare, within
which is embraced a regulation fixing the tolls to be charged
for intrastate messages.

3. TELEGRAPHS AND TELEPHONES. *Federal contract. application of
state statutes.*

That the United States was not engaged in operating telegraph
and telephone systems when the statutes of this state providing
for the supervision of such system were enacted, and is not
specifically referred to therein, does not relieve such systems
from the effect of those statutes because they have been taken
over by the President for the reason that the resolution adopted
by Congress, provides that they shall remain subject to the
existing police regulations of the several states.

4. TELEGRAPH AND TELEPHONES. *Federal control. Police regulations. Delegation of power by executive.*

The injunction in this case is not against the president in person, but against a subordinate officer who cannot justify his action by the claim of power delegated to him by the president since the president himself has not been vested by the resolution of the congress with any power to disregard the police regulations of the several states, nor to authorize any subordinate so to do, but on the contrary the resolution of July 16, 1918, expressly enjoins him to observe them.

5. SAME.

The object sought to be accomplished by the injunction in this case is neither the destruction of property rightfully in the possession of the United States, nor to prevent the use or disposition thereof by its agent, nor to compel its agent to do or refrain from doing something which it has contracted to do, and thereby in effect, compel it in the one case to perform, and in the other to break its contract, but is simply to restrain public officer from acting in excess of his authority.

6. SAME.

The complainants in this case do not ask the court to interfere with the official discretion of the Postmaster General but challenge his authority to do the things of which complaint is made. The suit rests upon the abuse of power and its merits must be determined accordingly as it is not a suit against the United States.

APPEAL from the chancery court of Hinds county.
HON. LAMAR F. EASTERLING, Chancellor.

Suit for injunction by the state of Mississippi, on the relation of Ross A. Collins, Attorney-General, and others against the Cumberland Telephone & Telegraph Company and others. From a decree dissolving the injunction, relators appeal.

The facts are fully stated in the opinion of the court.

*Ross A. Collins,* Attorney-General, *Earl N. Floyd,* assistant Attorney-General, *Robert B. Mayes* and *Robt. Powell,* for appellants.

*Geo. Butler, Julian P. Alexander, Stone Deavours,* H. *E. W. Palmar* and *Hunt Chipley,* for appellees.

On rehearing, judgment set aside and decree of lower court affirmed.

For former opinion see 81 .So. 404.

SMITH, C. J., delivered the opinion of the court.

The contentions of the appellees  are:  First, that the court, below was without jurisdiction for the reason that this is in effect either a suit against the United States, or an attempt to control the discretion of the President in the exercise by him of an executive function.   Second, that the United States is not within the statutes of this state providing for the supervision of telegraph and telephone systems for two reasons: (a) It was not engaged in operating such systems when these statutes were enacted, and (b) is not specifically referred to therein.   Third, that the right of the several states to regulate intrastate telegraph and telephone rates is not preserved by the provision of the resolution of the. Congress adopted on July 16, 1918, authorizing the President to take possession of and operate the telegraph and telephone systems of the country, "that nothing in this. act shall be construed to amend, repeal, impair, or affect existing laws or powers of the states in relation to taxation or the lawful police regulations of the several states, except wherein such laws, powers, or regulations may affect the transmission of government communications, or the issue of stocks and bonds by such system or systems." Fourth, that the President is vested by the Constitution, because of his designation therein as Commander in Chief of the Army, with the power to take possession of and operate the telegraph and telephone systems of the country for military purposes, and as an incident

thereto to permit their use for private purposes on such terms as he may prescribe, which power the resolution adopted by the Congress on July 16, 1918, did not add to and cannot be held to restrict.

Taking these contentions up in their inverse order, we are of the opinion that:

First. The Congress has the power to define the powers to be exercised by the President as Commander in Chief of the Army, and to prescribe the mode in which they shall be exercised; but, if mistaken in this, that the power to operate a telegraph or telephone system as a public utility without the zone of military operations is not one of the powers which can be said to be necessarily appurtenant to the office of the Commander in Chief of the Army, and can be rightfully exercised by him only when he has been authorized so to do by the Congress. *McLaughlin* v. *Green,* 50 Miss. 453; *Ex parte Milligan,* 4 Wall. 2, 18 L. Ed. 281.

Second. By adopting the proviso to the resolution here in question, and under which the President must operate, if at all, the telepragh and telephone systems of the country as public utilities, it was the intention of the Congress to cause the control of the several states over the operation of the telegraph and telephone systems within their borders, to be interfered with only to the extent necessary to safeguard the transmission by the government of its own messages, and the issuance of the stocks and bonds of such telegraph and telephone systems as might be taken charge of by the President, and "the lawful police regulations," therein referred to, are not limited to such only as promote the public health, morals, or safety, but extend also to such as promote the public convenience or the general welfare, within which is embraced a regulation fixing the tolls to be charged for intrastate messages. License Cases, 5 How. 504, 12 L. Ed. 256; *Stone* v. *Y. & M. V. Railroad,* 62 Miss. 607, 52 Am. Rep. 93; *Stone* v. *Farmers' Loan*

*& Trust Co.,* 116 U. S. 307, 6 Sup. Ct. 334, 388, 1191, 29 L. Ed. 636; *Lake Shore, etc., Railroad* v. *State of Ohio,* 173 U. S. 285, 19 Sup. Ct. 465, 43 L. Ed. 702; *Chicago, etc., Railroad* v. *State of Illinois,* 200 U. S. 561, 26 Sup. Ct. 341, 50 L. Ed. 596, 4 Ann. Cas. 1175; *Mutual Loan Co.* v. *Martell,* 222 U. S. 225, 32 Sup. Ct. 74, 56 L. Ed. 175, Ann. Cas. 1913B, 529; *C. & A. Railroad* v. *Tranbarger,* 238 U. S. 67, 35 Sup. Ct. 678, 59 L. Ed. 1204.

Third. That the United States was not engaged in operating telegraph and telephone systems when the statutes of this state providing for the supervision of such systems were enacted, and is not specifically referred to therein, does not relieve such systems from the effect of those statutes because they have been taken over by the President for the reason that the resolution adopted by the congress here in question provides that they shall remain subject to the existing police regulations of the several states.

Fourth. The injunction here sought is not against the President in person, but against a subordinate officer who seeks to justify his contemplated action by the claim of power delegated to him by the President. This claim does not of itself oust the court of jurisdiction, but must be established by the appellees, and this they cannot do for the reason that the President himself has not been vested by the resolution of the Congress here in question with any power to disregard the police regulations of the several states, nor to authorize any subordinate so to do; but, on the contrary, the resolution expressly enjoins him to observe them, from which it necessarily follows that no such power has been or can be delegated by the President to a subordinate.

Fifth. The object sought to be accomplished by means of the injunction here in question is neither the destruction of property rightfully in the possession of the United States, nor to prevent the use or disposition

thereof by its `agent, nor to compel its agent to do or refrain from doing something which it has contracted to do, and thereby, in effect, compel it in the one case to perform, and in the other to break, its contract, but is simply to restrain a public officer from acting in excess of his authority, so that the case it not ruled by that line of cases exemplified by *Hagood* v. *Southern,* 117 U. S. 52, 6 Sup. Ct. 608, 29 L. Ed. 805; *Belknap* v. *Schild,* 161 U. S. 10, 16, Sup. Ct. 443, 40 L. Ed. 599; *Minnesota* v. *Hitchcock,* 185 U. S. 373, 22 Sup. Ct. 650, 46 L. Ed. 954; *International Postal Supply Co.* v. *Bruce,* 194 U. S. 601, 24 Sup. Ct. 820, 48 L. Ed. 1134; *Oregon* v. *Hitchcock,* 202 U. S. 60, 26 Sup. Ct. 568, 50 L. Ed. 935; *Naganab* v. *Hitchcock,* 202 U. S. 473, 26 Sup. Ct. 667, 50 L. Ed. 113; *Louisiana* v. *McAdoo,* 234 U. S. 627, 34 Sup. Ct. 938, 58 L. Ed. 1506; and *Wells* v. *Roper,* 246 U. S. 335, 38 Sup. Ct. 317, 62 L. Ed. 755—but is ruled by that line of cases exemplified by *Osborn* v. *Bank of United States,* 9 Wheat, 738, 6 L. Ed. 204; *Board of Liquidation, etc.,* v. *McComb,* 92 U. S. 531, 23 L. Ed. 623; *Pennoyer* v. *McConnaughy,* 140 U. S. 1, 11 Sup. Ct. 699, 35 L. Ed. 363; *Noble* v. *Union River Logging Railroad,* 147 U. S. 165, 13 Sup. Ct. 271, 37 L. Ed. 123; *Scott* v. *Donald,* 165 U. S. 107, 17 Sup. Ct. 262, 41 L. Ed. 648; *Smyth* v. *Ames,* 169 U. S. 466, 18 Sup. Ct. 418, 42 L. Ed. 819; *American School, etc.,* v. *McAnnaulty,* 187 U. S. 94, 23 Sup. Ct. 33, 47 L. Ed. 90; *Ex parte Young,* 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann Cas. 764; *Ludwig* v. *W. U. Tel. Co.,* 216 U. S. 146, 30 Sup. Ct. 280, 54 L. Ed. 423; and *Philadelphia Co.* v. *Stimson,* 223 U. S. 605, 32 Sup. Ct. 340, 56 L. Ed. 570. And the fact that the money which the appellees are sought to be enjoined from collecting will be turned over by them, if collected, to the United States, or will be expended by them for its benefit, does not make it a necessary party to the suit. *United States* v. *Peters,* 5 Cranch, 115, 3

L. Ed. 53; *Osborn* v. *Bank,* 9 Wheat. 738, 6 L. Ed. 204; *Poindexter* v. *Greenhow,* 114 U. S. 270, 5 Sup. Ct. 903, 962, 29 L. Ed. 185; *.Pennoyer* v. *McConnaughy,* 140 U. S. 1, 11 Sup. Ct. 699, 35 L. Ed. 363; *Ex parte Tyler,* 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689; *Scott* v. *Donald,* 165 U. S. 58, 17 Sup. Ct. 265, 41 L. Ed. 632.

The appellants did not ask the court below to interfere with the official discretion of the Postmaster General, but in the language of Judge HUGHES in *Philadelphia Co.* v. *Stimson,* 223 U. S. 605, 32 Sup. Ct. 340, 56 L. Ed. 570, "challenged his authority to do the things of which complaint is made. The suit rests upon the abuse of power, and its merits must be determined accordingly.; it is not a suit against the United States."

The decree of the court below will be reversed, and a decree will be rendered here reinstating the injunction prayed for, and making it perpetual.

*Reversed and decree here.*

STEVENS, J., dissents.

SMITH, C. J.

Since rendition of our former judgment herein, the supreme court of the United States has decided the case of *Dakota Central Telephone Co. et al,* v. *State of South Dakota ex rel.,* 249 U. S. —, 39 Sup Ct. 507, 63 L. Ed. —, and this case is controlled thereby.

Consequently, the suggestion of error will be sustained, our former judgment set aside, and the decree of the lower court will be affirmed.

*· Affirmed.*