HANNEWINKLE v. GEORGETOWN.

1. A bill to restrain the collection of a tax cannot be maintained on the sole ground of the illegality of the tax. There must be an allegation of fraud; that it creates a cloud upon the title; that there is apprehension of multiplicity of suits, or the allegation of some cause presenting a case of equity jurisdiction.

2. There exists no such cloud upon the title as justifies the interference of a court of equity, where the proceedings are void upon their face. *Dows v. The City of Chicago* (11 Wallace, 109), affirmed.

APPEAL from a decree of the Supreme Court of the District of Columbia.

Hannewinkle filed his bill against the corporation of the city of Georgetown and its collector of taxes, to enjoin them from selling certain real estate for a tax claimed by the corporation under a certain act of Congress, which made part of the city charter. The bill alleged that the corporation attempted to condemn to public use, and open and improve Stoddard Street in that city; that the complainant owned

certain premises described on that street; that a part of the premises were condemned to public use, and his damages assessed at $3139; that the same jury which thus assessed his damages, assessed him also for benefits to the residue of his property arising from the same improvements in the sum of $3425, and attempted to make the assessment a lien and charge on the said residue, by and for which the same could be sold. This the bill alleged was without authority of law and contrary to the act of Congress under which the city professed to act. The bill prayed that the defendants might be restrained from selling the property. An answer was put in. The cause was brought to a hearing upon an agreed state of facts, and the bill dismissed with costs. From this decree of dismissal the defendant now appealed to this court.

*Mr. Samuel Tyler, for the appellant; Mr. W. A. Cook, contra.*

Mr. Justice HUNT delivered the opinion of the court.

The action in this case cannot be sustained. It has been the settled law of the country for a great many years, that an injunction bill to restrain the collection of a tax, on the sole ground of the illegality of the tax, cannot be maintained. There must be an allegation of fraud; that it creates a cloud upon the title; that there is apprehension of multiplicity of suits, or some cause presenting a case of equity jurisdiction. This was decided as early as the days of Chancellor Kent, in *Mooers* v. *Smedley,*\* and has been so held from that time onward. The remedy was held to be at law by writ of certiorari or by action of trespass.

It has long been held, also, that there exists no cloud upon the title which justifies the interference of a court of equity, where the proceedings are void upon their face, that is, the same record which must be introduced to establish the title claimed, will show that there is no title.†

---

\* 6 Johnson's Chancery, 28.

† Heywood *v.* City of Buffalo, 14 New York, 534; Susquehanna Bank *v.* Supervisors Broome County, 25 New York, 312.

The whole subject has been recently examined in this court in *Dows* v. *The City of Chicago.*\* The head note of the case is in these words: "A suit in equity will not lie to restrain the collection of a tax on the sole ground that the tax is illegal. There must exist in addition, special circumstances bringing the case under some recognized head of equity jurisdiction, such as that the enforcement of the tax would lead to a multiplicity of suits or produce irreparable injury, or where the property is real estate, throw a cloud upon the title of the complainant." The sole ground of the present bill is the illegality of the tax.

We are all of the opinion that the bill states no cause of action, and that it was properly dismissed.

JUDGMENT AFFIRMED.