## NAGANAB *v.* HITCHCOCK.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 247. Argued April 25, 1906.—Decided May 21, 1906.

A suit brought by a Chippewa Indian on behalf of himself and other members of his tribe against the Secretary of the Interior, to enjoin him from executing the act of June 27, 1902, and to compel him to account under the act of January 4, 1889, in regard to sale and disposition of lands, the title to which is still in the Government, is in effect a suit against the United States, and in the absence of any waiver on the part of the Government of immunity from suit, the courts have no jurisdiction of such a suit. *Oregon* v. *Hitchcock*, 202 U. S. 60 followed; *Minnesota* v. *Hitchcock*, 185 U. S. 373 distinguished.

THE facts are stated in the opinion.

*Mr. Tracy L. Jeffords* for appellant.

*Mr. William C. Pollock*, Assistant Attorney, with whom *Mr. Frank L. Campbell*, Assistant Attorney General, was on the brief, for appellee.

MR. JUSTICE DAY delivered the opinion of the court.

In this suit a bill was filed in the Supreme Court of the District of Columbia by Joseph Naganab against Ethan Allen Hitchcock, Secretary of the Interior. Complainant brought the suit as a citizen of the United States and a member of the band and tribe of Chippewa Indians of the State of Minnesota,

suing for himself and other members of the band and tribe. The bill is quite voluminous, but in substance sets out the alleged right of the Indians who had conveyed certain lands under the act of Congress of January 14, 1889, to the United States to have them administered for their benefit. The bill averred that under the act of Congress the Indians of the State of Minnesota had conveyed to the United States upwards of 3,555,771 acres of land, constituting certain reservations named, all of which lands and reservations were held by the United States under conveyances in trust for the benefit of the Indians; that the Secretary of the Interior had caused the lands to be classified as required by the act, and that approximately 1,500,000 acres thereof were classified as pine lands, 1,855,000 acres as agricultural lands—600,000 acres of the lands, classified under the said act as pine lands, were situated in certain reservations, to wit, Chippewas of the Mississippi, Leech Lake, Cass Lake and Lake Winnibigoshish; that upon said last-mentioned area, there was and is growing a large amount of merchantable pine timber, reasonably worth $10,000,000. The value of the lands classified as agricultural lands to be sold under said act for $1.25 per acre is $2,318,750. And it is averred that it is the right of the Chippewa Indians to have certain of the lands sold, the proceeds to draw five per cent interest for fifty years, and the interest money to be used for the benefit of the Indians as provided in the act, and at the expiration of the fifty years the balance of the principal sum remaining to be paid to the Indians.

The complaint is of the act of June 27, 1902, amendatory of the act of January 14, 1889. It is averred that at the time of the passage of the latter act there yet remained 600,000 acres of pine lands, and 200,000 acres of agricultural lands, which ought to be disposed of in pursuance of said trust in favor of the Indians; that the pine lands are worth upwards of $10,000,000, and the agricultural lands $1.25 per acre; that without the consent of the Indians a portion of the pine lands were set off as a forest reservation, the timber on this land being of the

value of $3,000,000; that the rules and regulations prescribed by the Secretary of the Interior for the selling and removal thereof would reduce the value of the pine timber to an amount exceeding $1,000,000; that the Secretary is about to sell and has advertised for sale the pine timber on 300,000 acres of said lands; that said act of June 27, 1902, if carried out, will deprive the complainant and other Chippewa Indians of the State of Minnesota of their property without compensation and without due process of law, in violation of the Constitution of the United States. The bill prays that the defendant, the Secretary of the Interior, may be temporarily enjoined from any further act or acts in execution of the act of Congress of June 27, 1902; that he be required to execute the trust in favor of the Indians, and account to the complainant, as required by the act of January 14, 1889, and for general relief.

The defendant demurred on three grounds, viz.: 1. That there is a defect of parties complainant. 2. That the bill is bad in substance, in that it does not set out any facts sufficient to entitle the complainant or the real party in interest, the Chippewa Indians of Minnesota, to the relief prayed for, or to any relief. 3. That the court has no jurisdiction over the subject matter of the suit. The Supreme Court of the District of Columbia sustained the demurrer and dismissed the bill. This judgment was affirmed in the Court of Appeals.

It is apparent from the above statement of the allegations of the bill that the defendant Hitchcock, Secretary of the Interior, has no interest in this controversy and that it is in effect a suit against the United States to control the disposition of the lands and for an account of the proceeds of the sales of certain lands conveyed by the Indians to the United States under the act of January 14, 1889. Without considering whether the courts would have power to control the action of the Secretary of the Interior in this matter, or whether the power and authority so to do is purely political and subject to the control of Congress without judicial intervention, as was held in the Court of Appeals, we are of opinion that there is no jurisdiction to enter-

tain this case.   In respect to this question it is on all fours with *State of Oregon* v. *Ethan Allen Hitchcock, Secretary of the Interior, and William A. Richards, Commissioner of the General Land Office,* decided on April 23 of this term.   202 U. S. 60.   That case was distinguished from *Minnesota* v. *Hitchcock,* 185 U. S. 373, relied on here by the appellant, in the fact that in the *Minnesota* case, the jurisdiction to sue the Secretary of the Interior was sustained because of the consent on the part of the United States to be sued in respect to school lands within an Indian reservation and an acceptance by the Government of full responsibility for the result of the decision so far as the Indians were concerned.   Act of March 2, 1901, 31 Stat. 950.   In this case, as in the *Oregon* case, the legal title to all the tracts of land in question is still in the Government, and the United States, the real party in interest herein, has not waived in any manner its immunity, or consented to be sued concerning the lands in question, and there is no act of Congress in anywise authorizing this action.   Upon the authority of the *Oregon* case we hold that there is no jurisdiction to maintain the present suit, and the action of the Court of Appeals of the District of Columbia, affirming the decree of the Supreme Court of the District dismissing the complainant's bill, is

*Affirmed.*