## FERRIS et al. v. WILBUR, Secretary of the Navy, et al.

Circuit Court of Appeals, Fourth Circuit.
June 15, 1928.

No. 2692.

1. **Injunction** ⪦129(2)—**Suit to enjoin storage of explosives held properly dismissed as to contractor employed only to construct depot roads.**

Property owners' suit against Secretary of the Navy and others to enjoin contemplated storage of large quantities of high explosives in the neighborhood of plaintiffs' property *held* properly dismissed on the merits as to one employed only to construct roads in the development of the storage depot.

2. **Injunction** ⪦129(2)—**Suit to enjoin storage of explosives held properly dismissed as to Secretary of the Navy, not served, nor resident of district, nor voluntarily appearing.**

Property owners' suit against Secretary of Navy and others to enjoin contemplated storage of large quantities of high explosives in the neighborhood of plaintiffs' property *held* properly dismissed as to Secretary of the Navy, not a resident of the district, nor served, nor voluntarily appearing.

3. **United States** ⪦125(2)—**Suit to enjoin storage of explosives held properly dismissed as one against United States to enjoin as nuisance exercise of discretion reposed in executive (Const. Amend. 5, and art. 1, § 8, cls. 12, 13, 17; Act July 1, 1918 [40 Stat. 722]; President's Proclamation Aug. 7, 1918; Act Feb. 28, 1927 [44 Stat. 1253]).**

Suit against Secretary of the Navy and others to enjoin maintenance of depot for storing large quantities of high explosives in neighborhood of plaintiffs' property as a taking of property without due process, in violation of Const. Amend. 5, *held* properly dismissed as to naval officer in charge, not because the Secretary of the Navy, his superior, was not a party, but because the suit was in effect against the United States and to restrain as a nuisance the exercise of a discretion reposed in the executive by Const. art. 1, § 8, cls. 12, 13, 17, Act July 1, 1918 (40 Stat. 722), President's Proclamation Aug. 7, 1918 (40 Stat. 1827), and Act Feb. 28, 1927 (44 Stat. 1253).

4. **United States** ⪦135—**United States is necessary party to suit to enjoin maintenance of naval mine depot.**

United States is a necessary party to a suit to enjoin the maintenance of a naval mine depot pursuant to act of Congress.

5. **Injunction** ⪦75—**Injunction will not lie against executive official to restrain use of government property authorized by Congress and within discretion of executive.**

Suit for injunction will not lie against an official of the executive department to restrain as a nuisance the use of government property authorized by Congress and within the discretion of the executive.

6. **Constitutional law** ⪦82—**Congress and executive, in exercise of rights, must have regard for rights of private persons.**

Congress, in exercising the powers vested in it by the Constitution, and the executive, in exercising discretion reposed by Congress, must have regard for the rights of private persons protected by the Constitution.

7. **Constitutional law** ⪦278(1)—**Eminent domain** ⪦69—**Private property cannot be taken without just compensation or due process of law.**

Private property cannot be taken for public use without just compensation, nor can persons be deprived of property without due process of law.

8. **Nuisance** ⪦6—**Action authorized by valid legislative authority will not be enjoined as nuisance.**

Courts will not enjoin as a nuisance an action authorized by valid legislative authority.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Suit by Howard Ferris, trustee, and others, against Curtis D. Wilbur, Secretary of the Navy, and others. From a decree of dismissal, plaintiffs appeal. Affirmed.

Allan D. Jones, of Newport News, Va., for appellants.

Luther B. Way, Sp. Asst. U. S. Atty., of Norfolk, Va. (Paul W. Kear, U. S. Atty., of Norfolk, Va., on the brief), for appellees.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge. This is an appeal from a decree denying an interlocutory injunction and dismissing the bill of complaint in a suit instituted by persons owning property near the United States naval mine depot in York county, Virginia, to enjoin the Secretary of the Navy and the naval officer in charge of the depot from storing high explosives within the area acquired by the government for that purpose. The bill alleged that large quantities of high explosives were being stored within the area, that it was planned to store there even larger quantities in the future, that the storage of such explosives was and would continue to be a constant source of danger to lives and property for miles around, and that such storage so depreciated the value of the property of complainants as to constitute a taking thereof without due process of law in violation of the Fifth Amendment to the Constitution. One Johnston was joined as a defendant under an allegation that he had been awarded a contract to construct roads in the development

of the depot. As to him the bill was dismissed on the merits. As to the Secretary of the Navy it was dismissed because he was not a resident of the district and had not appeared or been served with process. As to defendant Miles, the naval officer in charge of the depot, it was dismissed on the ground that the Secretary was a necessary party to the suit, as Miles was alleged to be acting under his orders.

[1-3] In so far as the order dismissed the suit as to the contractor and the Secretary of the Navy, it was so obviously proper as not to merit discussion. We think, also, that it was proper to dismiss the suit as to the defendant Miles, not because the Secretary of the Navy was not made a party, but because it was in effect a suit against the United States and sought to restrain as a nuisance the exercise of a discretion reposed in the executive by a valid act of Congress.

In accordance with the purpose expressed in the Constitution "to provide for the common defense," Congress is vested with the power to raise and support armies and to provide and maintain a navy and is authorized "to exercise exclusive legislation in all cases whatsoever * * * over all places purchased by the consent of the Legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings." Constitution art. 1, § 8, cls. 12, 13, and 17. Acting under these constitutional provisions, Congress by the Act of July 1, 1918, appropriated the sum of $3,000,000 for the erection and equipment of a depot for the storage of high explosives and the loading of mines on a site to be acquired by the President. 40 Stat. 722. On August 7, 1918, the President issued a proclamation designating a tract of 11,433 acres near Yorktown, Va., which is the area here involved, as the navy mine depot authorized by the act. 40 Stat. 1827. Title to this tract was acquired by the United States with the consent of the Legislature of Virginia (Acts of the General Assembly of Virginia of 1918, c. 382, p. 568), and the naval mine depot was established and large quantities of high explosives were stored upon it. Later by Act Feb. 28, 1927, Congress appropriated the sum of $580,000 for additional storage and incidental improvements at this naval mine depot. 44 Stat. pt. 2, p. 1253. There can be no doubt, therefore, that the title to the land upon which the naval mine depot is situate is held by the United States, that it was purchased by the consent of the Legislature of Virginia in accordance with the constitutional requirement, that ex-clusive legislative power over the land acquired is vested in Congress, that Congress has expressly authorized that it be used for the storage of high explosives, and that the discretion to determine what explosives shall be stored there and how they shall be stored has been vested in the executive.

Now defendant Miles, in storing and preparing to store explosives on the Naval Mine Depot, is admittedly acting under the direction of the Secretary of the Navy, who represents the President. In suing to restrain him, therefore, complainants are suing the authorized representative of the government, and are asking that he be restrained from carrying out on government property a policy determined upon by the Executive Department in the exercise of a discretion reposed in it by Congress. It is manifestly, then, not a suit to restrain unauthorized action by a government official, or action based upon an unconstitutional statute, but a suit to restrain action in which the official is exercising valid governmental authority by virtue of his office. There can be no doubt that such a suit is in essence a suit against the United States, and that the United States is a necessary party thereto. And, as it has not consented to be made a party, the suit must fail. Morrison v. Work, 266 U. S. 481, 488, 45 S. Ct. 149 (69 L. Ed. 394); United States ex rel. Goldberg v. Daniels, 231 U. S. 218, 221 to 222, 34 S. Ct. 84 (58 L. Ed. 191); Naganab v. Hitchcock, 202 U. S. 473, 476, 26 S. Ct. 667 (50 L. Ed. 1113); International Postal Supply Co. v. Bruce, 194 U. S. 601, 606, 24 S. Ct. 820 (48 L. Ed. 1134); Belknap v. Schild, 161 U. S. 10, 16 S. Ct. 443, 40 L. Ed. 599.

Defendant relies particularly upon the cases of U. S. v. Lee, 106 U. S. 196, 1 S. Ct. 240, 27 L. Ed. 171, Philadelphia Co. v. Stimson, 223 U. S. 605, 32 S. Ct. 340, 56 L. Ed. 570, and Colorado v. Toll, 268 U. S. 228, 45 S. Ct. 505, 69 L. Ed. 927. The Lee Case decided that the owner of land held and occupied by the United States for public uses, but under a defective title, might maintain ejectment against the officers of the United States in possession. But, as pointed out by Mr. Justice Miller in Cunningham v. Macon & Brunswick Railroad, 109 U. S. 446, 452, 3 S. Ct. 292, 609 (27 L. Ed. 992); and by Mr. Justice Gray in Belknap v. Schild, supra, in such case the officer in possession is sued, not as or because he is the officer of the government, but as an individual. The court is not ousted of jurisdiction merely because he asserts authority as an officer, but the burden rests upon him to show that

his authority is sufficient in law to protect him. There is an obvious distinction between such a case and one where defendant is sued as an officer of the government, and it is sought to restrain him from action taken in the exercise of a discretion reposed by Congress in the Executive Department. Where the act complained of is not authorized by statute, or where the statute authorizing it is void because in conflict with some provision of the Constitution, the person attempting it may be restrained in a proper case, notwithstanding his claim that he is acting in his official capacity. In such case he is acting, not within the law, but outside it, his act is not the act of the government, and the law affords him no protection for what he is doing or is about to do. This is true, whether he be the head of a department or merely a subordinate acting under orders; and, if a subordinate, there is no necessity of joining as defendant the head of the department because the orders of the head are immaterial if the act sought to be enjoined is not authorized by law. Colorado v. Toll, supra. These doctrines, however, have no application where, as here, the official is acting under the authority of a statute which does not offend any constitutional provision. In such case his action is the action of the government; if injunction is awarded against him, it is the action of the government, and not his individual action, which is restrained; and the government is consequently a necessary party to the suit, which must fail unless it has consented to be sued.

Nothing said in Philadelphia Co. v. Stimson, supra, or Colorado v. Toll, supra, conflicts with the rule which we have stated. The language relied upon in the opinion of the former case occurs at pages 619 and 620 of 223 U. S. (32 S. Ct. 344), and supports the rule as we have stated it. At page 620 (32 S. Ct. 344) the court said: "The complainant did not ask the court to interfere with the official discretion of the Secretary of War, but challenged his authority to do the things of which complaint was made. The suit rests upon the charge of abuse of power, and its merits must be determined accordingly; it is not a suit against the United States."

This effectually distinguishes that case from the case at bar. Here the injunction if granted would interfere with the official discretion of the Secretary of the Navy and accordingly is a suit against the United States. In Colorado v. Toll, supra, the injunction was sought to restrain defendant from enforcing regulations not authorized by

act of Congress. Here the storage of explosives has been expressly authorized.

[4, 5] And apart from the fact that the United States is a necessary party to a suit such as this and has not consented to be sued, we think that the bill is lacking in equity in that suit for injunction will not lie against an official of the Executive Department to restrain as a nuisance a use of government property authorized by Congress and within the discretion of the executive. As said by Professor Pomeroy, Equity Jurisprudence (4th Ed.) vol. 4, p. 4062: "An injunction will not issue against an executive officer of the government, nor against one acting under him, to restrain the performance or execution of administrative acts and orders within the scope of his authority. This is based upon the principle which governs also the legal remedy of mandamus. It would be contrary to our theory of government for the judicial department to interfere with the reasonable discretion of the executive." See, also, 32 C. J. 246; Dakota Co. v. South Dakota, 250 U. S. 163, 184, 39 S. Ct. 507 (63 L. Ed. 910, 4 A. L. R. 1623); Louisiana v. McAdoo, 234 U. S. 627, 633, 34 S. Ct. 938 (58 L. Ed. 1506); Sheriff v. Turner (C. C.) 119 F. 782.

[6, 7] It is true that Congress, in exercising the powers vested in it by the Constitution, and the executive, in exercising the discretion reposed in it by Congress, must have regard for the rights of private persons as guaranteed by the Constitution. Private property cannot be taken for public use without just compensation, nor can persons be deprived of property without due process of law. But in this case the land upon which the explosives are to be stored belongs to the government, and the only injury which complainants apprehend is injury arising out of the government's use of its own property. The question is whether such use authorized by act of Congress can be enjoined by the courts as a nuisance. The question, we think, answers itself. Of course, if what is done by officials under authority of law amounts to a taking of private property for public use, the owner is entitled to recover just compensation in a proper proceeding. Portsmouth Harbor, etc., Co. v. U. S., 260 U. S. 327, 43 S. Ct. 135, 67 L. Ed. 287.

[8] But it is unthinkable that the courts should enjoin as a nuisance the use of government property by a co-ordinate branch of the government, the executive, where such use is authorized by a valid act of the other co-ordinate branch, the legislative. It is elementary that courts will not enjoin as a nuisance

action authorized by valid legislative authority. 20 R. C. L. 500; Northern Transportation Co. v. Chicago, 99 U. S. 635, 640 (25 L. Ed. 336); note 107 Am. St. Rep. 220. Certainly injunction should not be granted where the alleged nuisance arises out of action taken under legislative authority exercised under one of the first mandates of the Constitution, "to provide for the common defense."

For the reasons stated, the action of the court below in dismissing the bill is affirmed.

Affirmed.