## APPALACHIAN ELECTRIC POWER CO. v. SMITH et al.

District Court, W. D. Virginia.
Sept. 4, 1931.

See, also, 4 F. Supp. 6.

John L. Abbot, of Lynchburg, Va., Newton D. Baker and Raymond T. Jackson, both of Cleveland, Ohio, John Draper, of Pulaski, Va., and Curtis, Mallet-Prevost, Colt & Mosle, of New York City, for plaintiff.

John Paul, U. S. Atty., of Harrisonburg, Va., and Seth W. Richardson, Asst. Atty. Gen., for defendants.

McDOWELL, District Judge.

■ This motion is based on the theory that this suit is not a suit to remove cloud from title. The first argument made in behalf of the defendants assumes that this is a transitory action, and seemingly admits that this court would have jurisdiction of the persons of the defendants, but for the (alleged) fact that federal jurisdiction is here not based solely on diversity of citizenship. The latter part of this argument, even if it were sound, is unnecessary. If this is a transitory action, the residence of the plaintiff in this district could not possibly give this court jurisdiction of the persons of the defendants over their objection unless they had been served with process within this district.

Munter v. Weil Corset Co., 261 U. S. 276, 43 S. Ct. 347, 67 L. Ed. 652; Robertson v. Railroad Labor Board, 268 U. S. 619, 45 S. Ct. 621, 69 L. Ed. 1119.

■ If, as I think, this suit is one to remove cloud from title to real estate, it is, ipso facto, not a transitory, but a local, action.

■ It is next contended that it is only such part of the order of April 3, 1931, made by the Federal Power Commission as forbids the plaintiff to proceed with its proposed construction work until it shall have accepted a standard license that can be regarded as a cloud on title, and that this order was directly induced by the plaintiff, as appears from the bill, in itself applying to the Federal Power Commission for a license. If the premise be granted, this contention is an attack on the merits of the bill. In effect this is an assertion that the plaintiff has heretofore made an election of remedies, and that it is thereby estopped from prosecuting this suit. This plainly goes to the merits of the plaintiff's case.

A defendant who appears specially to protest that he is not subject to the jurisdiction of the court should not be heard to assail the merits of his opponent's pleading. A sufficient reason for so saying is the reason which forbids courts to decide moot cases, and which should prevent obiter dicta. It is that human nature is such that only decisions which are necessary should be made. It follows that, if this present motion can be decided without considering the merits of the bill, it should be so decided. And that it can be seems too plain to require argument.

Authority for the foregoing is found in Citizens' Sav. & Trust Co. v. Illinois Central R. R. Co., 205 U. S. 46, 58, 27 S. Ct. 425, 51 L. Ed. 703. That was a suit to remove cloud from title, in which some of the defendants, corporations not inhabitants of the district of suit, sought in effect to have service of process quashed. In the opinion (page 58 of 205 U. S., 27 S. Ct. 425, 429, 51 L. Ed. 703) it was said: "We express no opinion upon the question whether, upon its own showing, or in the event the allegations of the bill are sustained by proof, the plaintiff is entitled to a decree giving the relief asked by it. There was no demurrer to the bill as being insufficient in equity. The only inquiry now is whether, looking at the allegations of the bill, the suit is of such a nature as to bring it within the act of 1875, as one to remove encumbrances or clouds upon real or personal property within the district

where the suit was brought, and, therefore, one local to such district." See, also, Illinois Central Railroad Co. v. Adams, 180 U. S. 28, 21 S. Ct. 251, 45 L. Ed. 410; McComb v. U. S. Housing Corporation (D. C.) 264 F. 589.

It follows that the last-mentioned contention cannot be considered on the present motion.

█ In the course of the brief for the defendants it is urged that the bill here is "bad," because in it the constitutionality of the Federal Water Power Act (16 USCA § 791 et seq.), is attacked, citing Devine v. Los Angeles, 202 U. S. 313, 334, 335, 26 S. Ct. 652, 50 L. Ed. 1046; Chicago Auditorium Association v. Cramer (D. C.) 8 F.(2d) 998. But this again is an attack on the merits of the bill. The right to decide whether or not a bill to remove cloud from title to property in this district is a good bill or a bad bill is vested in this court by section 57, Jud. Code, 28 USCA § 118; and no decision of such question may be had on a motion to quash service of process at the instance of defendants who say that they are not subject to the rulings of this court.

█ It is contended that the bill is not one for removal of cloud because, inter alia, injunctive relief is prayed for. I can see no force in this contention. In suits to remove cloud, which are admittedly such, and in which the court has jurisdiction of the persons of all of the parties, of the subject-matter, and of the cause, injunctive relief is freely granted whenever such relief is necessary in order to do complete justice (Camp v. Boyd, 229 U. S. 530, 552, 33 S. Ct. 785, 57 L. Ed. 1313; Shaffer v. Carter, 252 U. S. 37, 48, 40 S. Ct. 221, 64 L. Ed. 445), and because without granting injunctive relief it may and sometimes is impossible to do complete justice. In 51 Corpus Juris, p. 273, § 260, note 74, is an extensive list of cases for removal of cloud, or for quieting title, in which injunctive relief was granted. See, also, Lamb v. Farrell (C. C.) 21 F. 5, 12; Bedford-Bowling Green Stone Co. v. Oman (C. C.) 134 F. 441, 453.

Without intending to express or intimate any opinion as to what powers of relief this court may possess in the event that this present motion is properly overruled, and in the further event that the defendants never enter a general appearance, it is certain that in drafting the bill the plaintiff had a right to assume the possibility that the defendants might enter a general appearance, and had also a consequent right to conform to the usual practice and pray for every form of relief that the draftsman thought might possibly be needed. At the least, it follows that the prayers for injunctive relief cannot be used as a basis for argument that the bill is not on its face one for removal of cloud from title.

█ The orders of the Federal Power Commission in question are documentary assertions of power by the Commission over the plaintiff's use and enjoyment of its property; these orders have been made public records; these orders, if made without lawful authority, must largely impair the value of the property as a source of credit, and must greatly restrict the plaintiff's right of ownership, and its use of its property. If the orders are invalid, and as their invalidity does not appear on the face of the orders, they must of necessity be clouds on the plaintiff's title. Sufficient authority for this conclusion is found in City of Los Angeles v. Los Angeles City Water Co., 177 U. S. 558, 581, 20 S. Ct. 736, 44 L. Ed. 886; Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 386, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016; Id. (D. C.) 297 F. 307, 310.

In so far as the character of this suit is concerned, I can see no substantial distinction between an illegal assertion by a defendant of ownership of the real estate claimed by the plaintiff and an illegal assertion by the defendant of a highly important power of control over the use that may be made by the plaintiff of the real estate in question.

It follows that the defendants' motion to quash must be overruled, and the defendants given a reasonable time within which to file such pleading as they may be advised to file.