## APPALACHIAN ELECTRIC POWER CO.
### v. SMITH et al.
### No. 3500.

Circuit Court of Appeals, Fourth Circuit.
Oct. 3, 1933.

Rehearing Denied Nov. 18, 1933.

See, also, Radford Iron Co. v. Appalachian Electric Power Co. (C. C. A.) 62 F. Supp. 940.

Raymond T. Jackson and Newton D. Baker, both of Cleveland, Ohio (John L. Abbot, of Lynchburg, Va., John S. Draper, of Pulaski, Va., and A. Henry Mosle, Creswell M. Micou and Fraser M. Horn, all of New York City, on the brief), for appellant.

R. Gray Williams, Sp. Counsel, of Winchester, Va. (John R. Saunders, Atty. Gen. of Virginia, on the brief), for the Commonwealth of Virginia, as amicus curiæ.

Huston Thompson, Sp. Asst. to Atty. Gen., Seth W. Richardson, Asst. Atty. Gen., and Willard W. Gatchell, Atty., Federal Power Commission, of Washington, D. C. (Homer Cummings, Atty. Gen., Oswald Ryan, Gen. Counsel, Federal Power Commission, and James F. Lawson, Asst. Gen. Counsel, Federal Power Commission, both of Washington, D. C., and Joseph C. Shaffer, U. S. Atty., of Wytheville, Va., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in a suit instituted by the Appalachian Electric Power Company, as plaintiff, against George Otis Smith, Frank R. McNinch, Ralph B. Williamson, Marcel Garsaud, and Claude L. Draper, as defendants, who were at the time members of the Federal Power Commission. They were sued, however, not in their official capacity, but as individuals; and, upon the return of process, they moved to quash the service thereof [(D. C.) 4 F. Supp. 3] and also to dismiss the bill of complaint for lack of jurisdiction in the court to entertain the suit as well as for non-joinder of necessary parties. (D. C.) 4 F. Supp. 6. The court overruled these motions and took jurisdiction of the cause, but dismissed the bill on the merits. Defendants in this court again challenge the jurisdiction of the court below in addition to insisting that, if there was jurisdiction, the decision on the merits was correct. As we are of opinion

that the position of defendants is correct on the question of jurisdiction, we shall confine our discussion to that question.

Plaintiff is the owner of a large body of land on New river in Pulaski county, Va. This land has been acquired with a view of developing the water power of New river through the erection of a dam, and its chief value consists in its prospective use as a basin for the pond or reservoir which will be thereby created. In June, 1925, the New river Development Company, which at that time held title to the land, filed a "declaration of intention" with the Federal Power Commission pursuant to section 23 of the Federal Water Power Act (16 USCA § 817), describing the dam and power plant which it intended to construct and requesting the commission to cause an investigation thereof to be made pursuant to the provisions of the act. In September, 1926, plaintiff, having acquired title to the lands held by the New River Development Company, and having with the consent of the commission taken an assignment of the "declaration of intention," applied to the commission for a license authorizing the construction of the project. The application for license described the New river as nonnavigable but as a tributary to the Kanawha, which was described as being navigable to Montgomery, W. Va., 155 miles below the project.

The Power Commission caused investigation to be made and on June 1, 1927, found that New river in the part involved was not "navigable waters" within the definition of the Water Power Act, but that "the interests of interstate or foreign commerce" would be affected by the proposed construction. The commission thereupon tendered plaintiff a standard or major form license containing all of the terms and conditions specified by the Water Power Act (16 USCA § 803). Plaintiff promptly notified the commission that it would not accept the license. In February, 1930, it requested the commission to reconsider the finding made on June 1, 1927 and to disclaim jurisdiction over the proposed development or, alternatively, to issue a minor part license pursuant to section 10(i) of the act. In the letter making this request, plaintiff challenged the jurisdiction of the commission over the development, but offered to accept a minor part license containing only such conditions as would be appropriate to prevent any substantial interference with the navigable capacity of the Kanawha river rendered unlawful by the River and Harbor Act of March 3, 1899 (33 USCA § 403).

No further action was taken in the matter until after the defendants became members of the commission in December 1930. A hearing was held in February 1931, and on April 3, 1931, the commission entered an order as follows:

"1. That the motion of the applicant company to reconsider the finding of June 1, 1927, 'that the interests of interstate or foreign commerce would be affected by such proposed construction' be and the same is hereby denied;

"2. That the application, dated October 6, 1930, for a minor part license for this project be and the same is hereby denied; and

"3. That the applicant shall be tendered a standard form license under the Act, and it is hereby ordered that it shall not proceed with construction until it shall have received and accepted such license."

In May, 1931, the commission again tendered plaintiff a standard or major form license. Plaintiff again refused to accept such license and in June, 1931, instituted this suit in the Western District of Virginia, not against the commission but against the members of the commission individually. No one of the members of the commission was resident in Virginia, but process was served upon them in the District of Columbia under order entered on the theory that the suit was one to remove a cloud from the title of plaintiff's property. Defendants appeared specially and objected to the court's taking jurisdiction of the cause and moved to quash and set aside the service of process, but their objection was overruled and motion denied. (D. C.) 4 F. Supp. 3.

The bill of complaint set forth the facts hereinabove stated, other than those relating to service of process, and averred that it was beyond the authority of the members of the Power Commission to enter the orders of June 1, 1927, and April 3, 1931, or to require plaintiff to accept the license tendered as a condition of proceeding with the construction of the proposed project; that, if the Water Power Act by its terms conferred such power upon the commission, it was to that extent contrary to the provisions of the federal Constitution and void for that reason; that the orders of the commission were void, either because not authorized by statute, or because the statute authorizing them was unconstitutional; and that these orders constituted a cloud on plaintiff's title to its lands, which prevented it from obtaining funds necessary to develop them so as to realize their value. The prayer of the bill was that the orders of

June 1, 1927, and April 3, 1931, be declared null and void, that defendants be required to expunge them from the records of the Power Commission, and that defendants be enjoined from interfering with plaintiff's construction of its contemplated power development, or from instituting any prosecutions against plaintiff or its officers pursuant to the penal or injunctive provisions of the Water Power Act. Paragraph 8 of the prayer as amended, which presents succinctly the contentions of plaintiff, is as follows: "And the plaintiff further prays that the Federal Water Power Act be declared unconstitutional, null and void in so far as it purports to apply to the aforesaid proposed water power development of the plaintiff and that section 23 of the Federal Water Power Act be declared unconstitutional, null and void in so far as it authorizes the said defendants as members of the Federal Power Commission to require this plaintiff to accept any license for the construction, operation and maintenance of said development or, if said Federal Water Power Act should be found constitutionally to confer jurisdiction upon the Federal Power Commission to require some form of license for plaintiff's development, then that said Act be declared unconstitutional, null and void in so far as it may be construed to require this plaintiff to obtain and accept a license for the construction, maintenance and operation of its development containing any conditions other than or in addition to those which are necessary and appropriate to prevent a substantial obstruction to or diminishment of the navigable capacity of the Kanawha River or any other navigable waters of the United States."

The allegations and prayers of the bill which relate to abuse of authority by the commission need not be considered; for it is clear that it is only on the allegations of want of statutory or constitutional authority that the suit against the commissioners as individuals could under any theory be sustained. Philadelphia Co. v. Stimson, 223 U. S. 605, 620, 32 S. Ct. 340, 56 L. Ed. 570; Lane v. Watts, 234 U. S. 525, 540, 34 S. Ct. 965, 58 L. Ed. 1440; Colorado v. Toll, 268 U. S. 228, 230, 45 S. Ct. 505, 69 L. Ed. 927; Ferris v. Wilbur (C. C. A. 4th) 27 F. (2d) 262. The suit is not one against the commission for the purpose of reviewing its action; and it is not contended that jurisdiction to exercise such review has been granted to the courts.

But we do not think that the bill can be sustained even under the allegations of lack of power on the part of the commission and unconstitutionality of the statute and orders; for as a suit for injunction, it is brought against persons who have nothing to do with preventing plaintiff's proceeding with its proposed construction, and, as a suit to remove cloud from title, it could not establish any right against the United States and any relief granted therein would be wholly nugatory. The claim of right to maintain the suit rests, we think, upon a confusion of the principles upon which a court of equity will enjoin a public officer from acting in excess of his authority, or under an authority not validly conferred, with the principles upon which the court will entertain a suit to remove a cloud from title.

It is well settled, of course, that equity will in a proper case restrain officials of the government from acts constituting an invasion of individual rights where such acts are not authorized by statute or where the statute authorizing them is void because in conflict with some provision of the Constitution. Philadelphia Co. v. Stimson, supra; Ferris v. Wilbur, supra. But here the defendants are not threatening any action which will prevent the plaintiff from proceeding with the construction of its project. The findings and orders of which complaint is made had already been entered when suit was instituted; and defendants had no further duties with respect to preventing the erection of the project. The statute forbids such construction without license where an order is entered finding that it will affect the interests of interstate or foreign commerce. Federal Water Power Act § 23, 16 USCA § 817. Failure to comply with the provisions of the act is made a misdemeanor. Section 25, 16 USCA § 819. And it is the Attorney General, on the request of the Secretary of War, who is to institute proceedings for revoking license or for correcting by injunction, mandamus, or other process any acts of omission or commission in violation of the provisions of the statute. Section 26, 16 USCA § 820. Violation of section 10 of the Act of March 3, 1899 (33 USCA § 403), which forbids the erection of any structure which will impair the navigability of any of the navigable waters of the United States, is made a misdemeanor; and it is the Attorney General who is authorized to institute proceedings to secure removal of structures or parts of structures erected in violation of the section. Act of March 3, 1899, § 12 (33 USCA § 406). Action to prevent the erection of the proposed structure was to be apprehended, therefore, not from the defendants, but from the Attorney Gen-

eral or the Secretary of War; and suit to prevent such action must have been directed against them and not against the defendants. In Philadelphia Co. v. Stimson, supra, such suit was instituted against the Secretary of War. It is well settled that "a court of equity will not grant an injunction to restrain one from doing what he is not attempting and does not intend to do." Blease v. Safety Transit Co. (C. C. A. 4th) 50 F.(2d) 852, 856. And certainly suit will not be entertained to enjoin the enforcement of an unconstitutional act or order when not brought against the official charged with its enforcement.

▌ And there is another ground upon which the plea to the jurisdiction must be sustained, if the suit is considered merely as one to enjoin unauthorized or unconstitutional acts on the part of the defendants. This is that the suit has not been instituted in a district of which any of the defendants is a resident. Jurisdiction is predicated, not on diversity of citizenship, but on the suit's arising under the Constitution and laws of the United States. In such case suit must be instituted in the district whereof the defendant is a resident. 28 USCA § 112. Of course, if the suit were one to remove cloud from title, it could be maintained in the district where the property is situate and process might be served on the defendants outside the district. Judicial Code § 57, 28 USCA § 118. But, as we shall presently show, the suit cannot be sustained against these defendants as a suit to remove cloud on title; and, as jurisdiction over the defendants was seasonably challenged by motion to quash the service of process upon them, the jurisdiction to grant injunctive relief cannot be sustained.

Plaintiff virtually concedes that jurisdiction cannot be sustained if the suit be regarded merely as one to obtain injunctive relief against defendants, but contends that it is in reality a suit to remove a cloud from the title of its property and that the injunctive relief asked is merely incidental thereto. We do not think, however, that the suit can be sustained as one to remove cloud from title. In the first place, the findings and orders complained of do not constitute a removable cloud upon title. If they be not authorized by statute, or if the statute authorizing them contravenes the Constitution, this must be apparent on the face of the orders and they could not, therefore, constitute a cloud. Devine v. Los Angeles, 202 U. S. 313, 334, 335, 26 S. Ct. 652, 658, 50 L. Ed. 1046; Rich v. Braxton, 158 U. S. 375, 406, 15 S. Ct. 1006, 39 L. Ed.

1022; Hannewinkle v. Georgetown, 15 Wall. 547, 548, 21 L. Ed. 231; Peirsoll v. Elliott, 6 Pet. 95, 98, 8 L. Ed. 332; Story, Eq. Juris. § 700(a). It has been held that nothing which does not require evidence to remove can be considered a cloud on title. Pixley v. Huggins, 15 Cal. 127. As every one must be presumed to know the law, it follows that no order, the invalidity of which is dependent entirely upon legal principles, can constitute a cloud upon title. As said by Mr. Justice Hunt in Hannewinkle v. Georgetown, supra: "It has long been held, also, that there exists no cloud upon the title which justifies the interference of a court of equity, where the proceedings are void upon their face, that is, the same record which must be introduced to establish the title claimed, will show that there is no title."

In Devine v. Los Angeles, supra, Chief Justice Fuller laid down the rule in such case which we think conclusive here. Said he: "The test as to when a cloud is or is not cast, as stated by Mr. Justice Field, then chief justice of California, in Pixley v. Huggins, 15 Cal. 127, and reasserted in Hannewinkle v. Georgetown, 15 Wall. 547, 21 L. Ed. 231, is undoubtedly applicable and demonstrates that the assertion of unconstitutionality cannot be resorted to to maintain Federal Jurisdiction as constituting a cloud. The averment of unconstitutionality in such circumstances is a mere pretext to obtain that jurisdiction."

Of course, the case is different where the validity or invalidity of the order is dependent upon the application of the law to facts not apparent in the face of the order, as in the case of an order fixing the rates of public service corporations or imposing taxes. See Los Angeles v. Los Angeles City Water Co., 177 U. S. 558, 580, 20 S. Ct. 736, 44 L. Ed. 886; Rich v. Braxton, supra; Johnston v. Kramer Bros. & Co. (D. C.) 203 F. 733, 742. In the case at bar, however, the orders complained of find that, while New river is nonnavigable, the interests of interstate and foreign commerce will be affected by the structure proposed, and forbid, what the Commission interprets the statute as forbidding in such case, that the plaintiff proceed with the construction until it has obtained license therefor. Certainly if, as plaintiff contends, the order is void because the statute does not require a license for structures erected in nonnavigable streams, or because such requirement of the statute is unconstitutional, the invalidity of the order is apparent upon its face and no resort to evidence is required to establish its invalidity.

The finding that the interests of interstate or foreign commerce would be affected by the structure was made, of course, upon evidence not apparent on the face of the order; but any contention that this finding is not supported by the evidence calls for a review of the exercise of the power of the commission and does not challenge the existence of the power itself. And there can be no question but that the United States would be a necessary party to any suit brought to set aside an order of the commission because not supported by evidence; for such a suit would be one affecting the action of the commission in its official capacity and would be in effect a suit against the United States. Morrison v. Work, 266 U. S. 481, 488, 45 S. Ct. 149, 69 L. Ed. 394; Naganab v. Hitchcock, 202 U. S. 473, 26 S. Ct. 667, 50 L. Ed. 1113; Oregon v. Hitchcock, 202 U. S. 60, 68, 26 S. Ct. 568, 50 L. Ed. 935. And this brings us to another and conclusive reason why the suit cannot be sustained on any ground as a suit to remove cloud from title, viz., that no one claiming under the alleged cloud has been made a party to the suit and any relief granted would be entirely nugatory. The defendants are asserting no rights under the orders in question and have no personal interest in them. The interest is in the public represented by the government of the United States. The United States has not been made a party and has not consented to be sued in such a case; and yet it is well settled that in a suit to remove a cloud or quiet title the adverse claimant is a necessary party to the suit. Wood v. Phillips (C. C. A. 4th) 50 F.(2d) 714, 717; 5 R. C. L. 669, and cases cited. To grant relief against the defendants here would amount to nothing. It would not be binding upon the United States or even upon the Power Commission.

In the case of Wood v. Phillips, supra, we dealt with a suit to quiet title to land, brought against a government forester in his individual capacity. One of the grounds for dismissing the suit was that the claim made by the defendant was not in his own behalf, but in behalf of the United States. What was said in that connection is applicable here. We said: "And we think that the second ground stated above is equally conclusive against the right of plaintiff to maintain the suit in equity. The United States not having consented to be sued, cannot be made a party defendant. Carr v. U. S., 98 U. S. 433, 25 L. Ed. 209; U. S. v. Turner (C. C. A. 8th) 47 F.(2d) 86. Consequently, plaintiff's suit to quiet title will not establish title against the adverse claimant, and any relief which the court may grant will be nugatory. Ejectment would lie, because in that action relief is sought, not against the claim of the government, but against the wrongful possession of the government's agent. U. S. v. Lee, 106 U. S. 196, 1 S. Ct. 240, 27 L. Ed. 171. In a suit to quiet title, however, the matter in issue is the title itself; and no effective relief can be granted unless the adverse claimant is a party to the suit."

Another case directly in point is Sanders v. Saxton, 182 N. Y. 477, 75 N. E. 529, 1 L. R. A. (N. S.) 727, 108 Am. St. Rep. 826. That was a suit brought by the owners of land against the commissioners of the land office of the state of New York and the comptroller of the state, for the purpose of having certain deeds executed by the comptroller declared illegal and void. It was held that the suit could not be maintained; that the state had not consented to be sued; and that the rights of the state could not be determined in an action brought against certain of its officials as individuals. The court, after discussing the doctrine as to the right to sue officers of the state or of the United States for their illegal acts, said: "That doctrine, however, does not cover the case now before us. The defendants are not in possession of the plaintiff's property, nor have they been. They have not committed, nor do they threaten to commit, any trespass thereon, or any other illegal act by which the rights of the plaintiff may be jeopardized or impaired. The action is both in effect and in form to cancel and remove the deeds to the people of the state of New York as clouds upon the plaintiff's title. The grantee in such a deed is plainly a necessary party to such an action, as it is the title of that grantee that is to be passed upon, and it cannot be adjudged void unless he is brought in court. No one would ordinarily think of disputing this proposition. The only reason for omitting to make the state a party in this case is that it cannot be made a party, and for that reason it is sought to avoid the immunity that the state possesses by making its officers parties in its stead. But it is also settled by the decisions of the Supreme Court that 'the United States are not bound by a judgment to which they are not parties, and that no officer of the government can, by defending a suit against private persons, conclude the United States by the judgment.' Carr v. United States, 98 U. S. 433, 25 L. Ed. 209; United States v. Lee, supra. Now, as the only object and purpose of a suit in equity to remove a cloud on the title to property is

to have any adverse title that may be asserted under such cloud passed on and adjudged void, so that the plaintiff in possession may be forever afterwards free from any danger of the hostile claim, it would seem plain that, where the judgment in an action cannot conclude or bind a party claiming under the adverse title, the action must fail."

Louisiana v. Garfield; 211 U. S. 70, 29 S. Ct. 31, 53 L. Ed. 92, is very much in point. That was a suit instituted to establish the title of Louisiana to certain swamp lands and to enjoin the Secretary of the Interior from making a disposition of the lands in derogation of that title. The court held that the case presented questions with respect to the title of the United States which could not be tried behind its back, that it was therefore a necessary party to the case, and that, as it could not be made a party, the action must fail. To the same effect is New Mexico v. Lane, 243 U. S. 52, 37 S. Ct. 348, 61 L. Ed. 588. And see, also, Oregon v. Hitchcock, 202 U. S. 60, 26 S. Ct. 568, 50 L. Ed. 935; Minnesota v. Hitchcock, 185 U. S. 373, 22 S. Ct. 650, 46 L. Ed. 954; Carr v. U. S., supra. So far as the presence of the United States as a necessary party is concerned, there would seem to be no difference between a suit involving the validity of title to lands and one involving the validity of orders under which rights are asserted by the United States.

The case of Philadelphia Co. v. Stimson, 223 U. S. 605, 32 S. Ct. 340, 56 L. Ed. 570, does not support plaintiff's contention; for there the suit was not to remove cloud from title and was not instituted in the district where the property was situate, as would have been necessary in the case of such suit. It was a suit instituted in the District of Columbia to enjoin the Secretary of War from threatened illegal action in violation of the rights of plaintiff. Nor is plaintiff's position supported either by Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016, or by Los Angeles v. Los Angeles City Water Co., 177 U. S. 558, 20 S. Ct. 736, 44 L. Ed. 886; for in both of these cases the municipalities asserting the validity of the ordinances in question were made parties to the suits in which their validity was attacked.

For the reasons stated, we think it clear that plaintiff's suit cannot be sustained, either as a suit to enjoin unauthorized·or unconstitutional action on the part of the defendants, or as a suit to remove cloud from title to land. It is clear also that it cannot be sustained as a suit to require defendants to cancel or expunge the orders complained of. In the first place, the District Courts of the United States are without jurisdiction to issue writs of mandamus to control official action of executive officers of the government even where such writs would lie at common law. Covington & C. Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111; Rosenbaum v. Bauer, 120 U. S. 450, 7 S. Ct. 633, 30 L. Ed. 743; Kendall v. U. S., 12 Pet. 524, 618, 9 L. Ed. 1181; McClung v. Silliman, 6 Wheat. 598, 5 L. Ed. 340; McIntire v. Wood, 7 Cranch, 504, 3 L. Ed. 420. Consequently, even if this suit were treated as an application for mandamus, relief could not be afforded plaintiff. In the second place, any cancellation of orders or expunging of records would necessarily be done by defendants in their official capacity; and suits against them to compel action in their official capacity are suits against the United States, which cannot be maintained as the United States has not consented to be sued. In re Ayers, 123 U. S. 443, 8 S. Ct. 164, 31 L. Ed. 216; Belknap v. Schild, 161 U. S. 10, 18, 16 S. Ct. 443, 40 L. Ed. 599; Oregon v. Hitchcock, 202 U. S. 60, 26 S. Ct. 568, 50 L. Ed. 935; Naganab v. Hitchcock, 202 U. S. 473, 26 S. Ct. 667, 50 L. Ed. 1113; Morrison v. Work, 266 U. S. 481, 45 S. Ct. 149, 69 L. Ed. 394; Ferris v. Wilbur, supra (C. C. A. 4th) 27 F. (2d) 262.

What is really sought in the suit before us is, not restraint of the defendants or removal of cloud from title, but a declaratory judgment as to the meaning and constitutionality of certain sections of the Federal Water Power Act and the validity of orders of the Federal Power Commission purporting to be entered under them, a judgment which could grant no relief against any defendant before the court. We are without jurisdiction in such case, not only because we cannot try the rights of the United States "behind its back" (Louisiana v. Garfield, supra; Goldberg v. Daniels, 231 U. S. 218, 222, 34 S. Ct. 84, 58 L. Ed. 191), but also because we are without power to render a mere declaratory judgment. Piedmont & Northern R. Co. v. U. S., 280 U. S. 469, 50 S. Ct. 192, 74 L. Ed. 551; Willing v. Chicago Auditorium Ass'n, 277 U. S. 274, 289, 48 S. Ct. 507, 72 L. Ed. 880; Liberty Warehouse Co. v. Grannis, 273 U. S. 70, 74, 47 S. Ct. 282, 71 L. Ed. 541.

We think the court below was in error, therefore, in taking jurisdiction of the cause and rendering a decree on the merits. The decree appealed from will accordingly be reversed and the case will be remanded with di-

rection that the suit be dismissed for lack of jurisdiction. Piedmont & Northern R. Co. v. U. S., 280 U. S. 469, 478, 50 S. Ct. 192, 74 L. Ed. 551.

Reversed and remanded, with direction to dismiss.

On Petition for Rehearing.

PER CURIAM.

A petition for rehearing calls attention to the fact that in our opinion we overlooked that under 16 USCA § 820, the Attorney General, upon request of the commission as well as upon request of the Secretary of War, might institute proceedings for revocation of license, or for correcting by injunction, mandamus, or other proceeding any acts of omission or commission in violation of the provisions of the act. This is true; but no allegations of the bill justify the granting of an injunction against the individual defendants because of this provision. It does not appear that individually or as a board they had requested or were about to request any action on the part of the Attorney General. As to the other matters contained in the petition, all of them were thoroughly considered by the court and no rehearing is deemed necessary. As to the scope of the decision, all that was decided was that, for the reasons given in the opinion, the court below was without jurisdiction, whether the suit was considered as one in rem to remove cloud from title or in personam to enjoin action on the part of the individual defendants.

Petition denied.