**HALL v. GULF SOUTH UTILITIES, Inc., et al.**

**Civ. A. No. 1078.**

United States District Court
S. D. Mississippi, S. D.

March 26, 1951.

352

Mize, Thompson & Mize, Gulfport, Miss., for plaintiff.

Dudley W. Conner, C. M. A. Rogers, Hattiesburg, Miss., McCorvey, Turner, Rogers, Johnstone & Adams, all of Mobile, Ala., O. F. & J. O. Moss, Lucedale, Miss., Heidelberg & Roberts, Hattiesburg, Miss., for defendants.

WATSON, District Judge.

This is an action by Plaintiff to establish, inter alia, a claim to and upon certain shares of stock of the Gulf South Utilities, Inc. Plaintiff is a citizen of the State of Texas; Defendant, Gulf South Utilities, Inc., is a Mississippi corporation; Defendant, Palmer & Baker, Inc., is an Alabama corporation; and Defendants, Wayne F. Palmer, Sr., and Robert R. Baker, are citizens of the State of Alabama. No question is made as to the jurisdiction of the Court so far as it rests upon the diverse citizenship of the parties and the proper jurisdictional amount. Defendants, however, have filed a motion to quash the process and dismiss the action against all of the named Defendants for the following reasons:

(1) Service of process was not made upon the Defendant, Gulf South Utilities, Inc., in accordance with the laws of the State of Mississippi.

(2) Service of process upon the non-resident Defendants, Palmer & Baker, Inc., Wayne F. Palmer, Sr., and Robert R. Baker, was void as the alleged cause of action was not within 28 U.S.C.A. § 1655, under

which section service was attempted to be had.

As to the validity of the service made on the resident Defendant Corporation, the return on the service of the writ of summons shows that service was attempted to originally be made on the Corporation by delivering a copy of the summons and complaint to Mrs. Betty McMurphy, a secretary in said Corporation, at the main office of the Corporation in Lucedale, Mississippi, on August 23, 1950. After the Defendants moved to quash the process, service was again attempted to be made on the Defendant Corporation by delivering a copy of the summons and complaint to Mr. J. O. Moss, Secretary of said Corporation in Lucedale, Mississippi, and also by serving process on the Secretary of State by registered mail.

█ It is necessary to determine whether the service would be valid under Mississippi law, for if it is, it will also be valid in this Court.

Section 1866, Mississippi Code, 1942, provides that "If the defendant in any suit or legal proceeding be a corporation, process may be served on the president or other head of the corporation, upon the cashier, secretary, treasurer, clerk, or agent of the corporation, or upon any one of the directors of such corporation * * *."

The affidavit of Mrs. Betty McMurphy shows that she was an employee of Defendant Corporation at the time service was made. Her duties were clerical or secretarial in nature. She kept books, wrote letters, prepared bills, and made collections on these bills. She was not in charge of the office.

█ The Legislature may provide that any person may be served, whose relations and duties to the Corporation are such that it may reasonably be supposed that notice and the papers will be transmitted to the proper corporation officers for the making of its defense. The Legislature by using the word "clerk" in the Statute clearly expressed its intention to qualify such an employee as a representative of the corporation qualified to receive service of process for the corporation. The Statute does not require that the "clerk" be in charge of the

business, and therefore it appears that service was properly had upon Defendant Corporation by handing a copy of the summons and complaint to Mrs. Betty McMurphy at the Corporation's principal place of business.

█ Furthermore, the Corporation was subsequently served by personal service on Mr. J. O. Moss, Secretary of said Corporation, and also by service on the Secretary of State by registered mail. The Defendant Corporation has not been prejudiced in any way for it has had more than adequate notice of the pendency of the action, which is the primary purpose of process.

Defendants' motion to quash the process had upon Defendant, Gulf South Utilities, Inc., will be denied.

The second principal question in the case is whether or not service can properly be had upon the non-resident Defendants under Section 1655 of Title 28, United States Code Annotated.

Section 1655 authorizes an order to be made directing an absent Defendant to appear or plead by a day certain in any action brought in a District Court of the United States to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any Defendant cannot be served within the state, or does not voluntarily appear. This Court issued such an order in the present case, and personal service was had upon the non-resident Defendants by the Marshal of the district of their domicile. The non-resident Defendants then filed the present motion to dismiss the action, or, in lieu thereof, to quash the process on the ground that the Plaintiff's alleged cause of action was not within the purview of Section 1655.

The complaint shows that Defendant, Gulf South Utilities, Inc., was incorporated on March 25, 1946, and that Plaintiff was one of the original incorporators and directors of said Corporation and owned a majority of the common stock in said Corporation. The Corporation had an authorized capital stock of 12,000 shares Common $1 Par Value, and Plaintiff was the owner

of 6470 of these shares, although the certificates had not been issued to him.

On October 16, 1946, Defendant Corporation borrowed $20,000.00 from Louis Detrio and gave a promissory note bearing interest at 8% per annum. Defendant Corporation also conveyed its property by Deed of Trust to Louis Detrio as security for the loan. Louis Detrio then assigned the note and deed of trust to the non-resident Defendants.

On October 19, 1948, at a special meeting of the Board of Directors of Defendant Corporation, the non-resident Defendants attempted to change the by-laws and capital structure of the Defendant Corporation. The original authorized capital stock of 12,000 shares Common $1 Par Value was reduced to an authorized capital stock of 10,000 shares Common No-Par Value, and the old stock was to be exchanged for the new on the basis of one share of the new stock for 10 shares of the old stock. It was also voted to issue to Defendant, Palmer & Baker, Inc., 8800 shares of the new stock in consideration of discharging certain obligations of the Defendant Corporation, Gulf South Utilities, Inc. Plaintiff contends all this was done illegally and without his consent, although the minutes indicate that Plaintiff approved the above action.

Plaintiff maintains that this was all part of an illegal conspiracy on the part of the non-resident Defendants to take charge of the Defendant Corporation, and to oust Plaintiff from control. Plaintiff further charges that non-resident Defendants have been operating Defendant Corporation to their own advantage and to the detriment of the majority stockholders.

Plaintiff now demands judgment against each of the Defendants in the sum of $150,000.00 because of the illegal stock issue; that the issuance of the 8800 shares of stock to Defendant, Palmer & Baker, Inc., be cancelled; that Plaintiff be declared rightful owner of the 6470 shares of stock he owns; that a receiver be appointed to handle the affairs of Defendant, Gulf South Utilities, Inc.; that Defendants render an accounting to Plaintiff; and that the notes and Deed of Trust held by non-resident Defendants be cancelled and held void on the ground that the notes were usurious. In addition, there is a prayer in the complaint for general relief.

It is the opinion of this Court that the action instituted by the Plaintiff against the Defendants is within Section 1655 of Title 28, United States Code Annotated.

It appears that the Plaintiff is primarily interested in having the stock issued to Defendant, Palmer & Baker, Inc., cancelled and to have himself declared rightful owner of the 6470 shares he holds. It is clear that the new issue of stock to above Defendant constituted a cloud upon the title to the shares of stock held by the Plaintiff, and Plaintiff seeks to have that cloud removed. Corporate stock has long been recognized as personal property, and the only question remaining is whether the stock in question is personal property within the district in which the suit was brought. If it is, then the case is embraced by Section 1655 of Title 28.

Defendant, Gulf South Utilities, Inc., is a Mississippi corporation with its principal place of business in Lucedale, Mississippi, which is located in this District. In Jellenik v. Huron Copper Mining Co.,[1] the Supreme Court stated that since the habitation or domicile of the Company is and must be in the state that created it, the property represented by its certificates of stock may be deemed to be held by the Company within the State whose creature it is, whenever it is sought by suit to determine who is the real owner of the stock. The Supreme Court in that case held that a suit to determine whether the stock was rightfully held by Plaintiff or Defendants was within the Act of 1875, 18 Stat. 470, which Act was the forerunner of Section 1655 of Title 28, United States Code Annotated, and service was properly had upon the non-resident defendants.

Plaintiff also seeks a cancellation of the promissory notes secured by Deeds of Trust held by the non-resident Defendants

---

1. 1899, 177 U.S. 1, 20 S.Ct. 559, 44 L.d. 647.

and asks that a receiver be appointed for Defendant Corporation. If the notes and Deed of Trust are adjudged to be void, the entire situation as to the possession and control of the Gulf South Utilities properties will be changed, and the alleged incumbrances upon the properties of the Corporation will be removed. Under similar facts and circumstances, the Supreme Court in Citizens' Savings and Trust Co. v. Illinois Central Railroad Co.,[2] held that suit was of such a nature as to bring it within the Act of 1875, supra.

It is to be understood that I express no opinion upon the merits of the case, or whether Plaintiff is entitled to the relief he seeks. The only inquiry now is whether, looking at the allegations of the complaint, the action is of such a nature as to bring it within Section 1655 of Title 28, as one *to enforce any lien upon or claim to, or remove any incumbrance of lien or cloud upon the title to, real or personal property within the district.*

The action is of such a nature as to bring it within the jurisdiction of this Court under Section 1655 of Title 28, United States Code Annotated. Defendants' motions to dismiss the action or to quash the process against the Defendants, Palmer & Baker, Inc., Wayne F. Palmer, Sr., and Robert R. Baker, must therefore be denied.

2. 1907, 205 U.S. 46, 27 S.Ct. 425, 51 L.Ed. 703.