**AFFILIATED UTE CITIZENS OF the STATE OF UTAH,** an unincorporated association formed by and under the supervision of the Secretary of the Department of the Interior pursuant to Public Law 83–671 (25 U.S.C. §§ 677–677aa) composed of 490 so-called "mixed-blood" members of the Ute Indian Tribe of the Uintah and Ouray Reservation, Utah, suing on its own behalf and as representative of and for and on behalf of its 490 members and their heirs and legal representatives as a class; and the 490 so-called "mixed-blood" members of the Ute Indian Tribe of the Uintah and Ouray Reservation, Utah, individually and as an identifiable Indian group or band, Appellant,

v.

The **UNITED STATES** of America, Appellee.

No. 175–68.

United States Court of Appeals, Tenth Circuit.

June 19, 1970.

Rehearing Denied Nov. 12, 1970.

Parker M. Nielson, Salt Lake City, Utah (Adam M. Duncan, Salt Lake City, Utah, on the brief), for appellant.

Edmund B. Clark, Atty., Department of Justice, Washington, D. C. (Glen E. Taylor, Acting Asst. Atty. Gen., and Roger P. Marquis, Atty., Department of Justice, Washington, D. C., on the brief), for appellee.

Before LEWIS, Chief Judge, SETH, Circuit Judge, and BRATTON, District Judge.

PER CURIAM.

This is an action wherein the plaintiff seeks to have conveyed to its individual members, "pro rata," a portion of the oil, gas, and minerals underlying the Uintah and Ouray Reservation in Utah.

The plaintiff is an unincorporated association organized for and on behalf of some 490 mixed-bloods who were formerly or may be now members of the Ute Indian Tribe of the Uintah and Ouray Reservation. The Congress enacted Public Law No. 83–671 (25 U.S.C. §§ 677–677aa) which provides for the termination of the trust relationship with the mixed-blood members of this Ute Tribe and for the distribution to them of certain tribal property. The terms of this statute and its execution have been described at some length in the companion cases, Reyos et al. v. United States of America, 10 Cir., 431 F.2d 1338, and it is not necessary to describe them further in this opinion.

The termination statute mentions specifically that the interest of the mixed-blood group in the gas, oil, and other minerals and in certain unadjudicated claims was not to be distributed pursuant to the statute. The mixed-bloods' share of this interest constitutes some 27.1686 per cent thereof, the balance being retained by or on behalf of the full-blood members of the Tribe.

The trial court held that it did not have jurisdiction to entertain this action by reason of the fact that it was an unconsented suit against the United States. It further indicated that the termination statute by the provision above referred to precluded any relief to the plaintiff. The plaintiff took an appeal from the dismissal of its complaint and of its action by the trial court.

 On this appeal the appellant urges that the action may be maintained pursuant to 25 U.S.C. § 345. This statutory provision provides that an Indian may bring suit against the United States wherein he seeks to gain possession of an allotment when he has been excluded therefrom, or from any parcel of land to which he is lawfully entitled by virtue of an Act of Congress. The appellant's complaint on its face demonstrates that it does not seek relief on behalf of its members as persons who have been excluded from an allotment or have been excluded from or are entitled to possession of a parcel of land. This section of the statute is obviously intended to provide relief to the Indians entitled to possession of allotments and similar interests. The cases and statutory law have ascribed to the word "allotment" a well recognized meaning. The nature of the interest sought to be protected and secured does not resemble that described in the statute.

By reason of the Termination Act, the mixed-blood group has an undivided 27 per cent beneficial interest in the oil, gas, and minerals, while the full-blood group owns the remainder. The legal title has remained in the United States. The statute of termination directs that no distribution or partition be made of these undivided interests to the mixed-blood members. The statute makes specific provision for the management of these beneficial interests with the Tribal Business Committee representing the full-blood members as to their interest, and an association or corporation representing the mixed-blood group in the management of its portion. It is not an issue in this case as to what organiza-

tion on behalf of the mixed-blood group has the right of management, and we do not so decide.

The issues presented in this case fundamentally resemble those presented in Naganab v. Hitchcock, 202 U.S. 473, 26 S.Ct. 667, 50 L.Ed. 1113; Motah v. United States, 402 F.2d 1 (10th Cir.); Harkins v. United States, 375 F.2d 239 (10th Cir.), and United States v. Preston, 352 F.2d 352 (9th Cir.).

The appellant also urges that this action comes within the provisions of 28 U.S.C. §§ 1399 and 2409. However, we find no basis for jurisdiction under these provisions which contemplate an ownership wherein the United States is a joint tenant or tenant in common with the party seeking relief. In the case before us legal title is vested in the United States, but the beneficial title is owned entirely by the two groups of individuals.

Thus on the basis of Naganab v. Hitchcock, and the cases cited hereinabove, we hold that the trial court was correct in its determination that it did not have jurisdiction of this action, and the case is therefore affirmed.